O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1249 ABC; CR 05-982 ABC | Date | September 8, 2010 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                               Not Present

**Proceedings:**   **(In Chambers) Order Denying Defendant's Motion to Disqualify Judge Audrey Collins**

I.   Background

This is Dr. Mamodouh S. Bahna's ("Dr. Bahna") second motion to disqualify Judge Collins before this Court. After being sentenced for health care fraud in violation of 18 U.S.C. § 1347 on February 25, 2008, Dr. Bahna filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dr. Bahna's motion to vacate was assigned to Judge Collins, the judge who also presided over his criminal trial and sentencing. Dr. Bahna filed the first motion to disqualify Judge Collins because she allegedly would have been unable to impartially decide his motion. This Court was assigned the disqualification motion and ultimately denied it. *See* Dkt. # 377 (September 2, 2008 Order denying motion to disqualify Judge Collins).

Dr. Bahna's case was closed in the district court, but on July 27, 2010, the Ninth Circuit remanded the case "for the limited purpose of enabling the district court to consider appellant's Federal Rule of Civil Procedure 60(b) motion." *See* Dkt. # 406. Just over one month later, Dr. Bahna filed his second motion to disqualify Judge Collins from hearing the Rule 60(b) motion. Dr. Bahna argues that Judge Collins should be disqualifed from hearing his motion under 28 U.S.C. §§ 144 and 455 because (1) she will be unable to impartially decide his motion or (2) it appears that she will be unable to impartially decide his motion.

The Court DENIES Dr. Bahna's motion to disqualify Judge Collins.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1249 ABC; CR 05-982 ABC | Date | September 8, 2010 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

II. <u>Legal Standard</u>

28 U.S.C. § 144 establishes:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further herein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Furthermore, 28 U.S.C. § 455 provides:

> (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. ...

28 U.S.C. § 455.

A judge will not be considered impartial unless the moving party can indicate that facts of a case fall within the mandatory criteria for withdrawal. *See Matter of Horton*, 621 F.2d 968, 970 (9th Cir. 1980). The test for disqualification under Section 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See U.S. v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Although the express terms of Section 144 seem only to deal with "actual bias" as a basis for disqualification while Section 455 includes the "appearance of bias" as a basis for recusal, the Ninth Circuit has established that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1249 ABC; CR 05-982 ABC | Date | September 8, 2010 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

facts would conclude that the judge's impartiality might reasonably be questioned.'" *U.S. v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation omitted).

III.   Discussion

Dr. Bahna argues that Judge Collins is not impartial and should be disqualified because, after the November 2008 § 2255 hearing to vacate the Doctor's guilty plea as involuntary, Judge Collins made a finding, and stated on the record, that "[h]aving reviewed each declaration and having observed each witness's testimony, the Court finds that Defendant's testimony attributing various failures to his attorneys, and asserting that he did not know what he was getting into when he signed his plea agreement, is wholly incredible." Dkt. # 393 11:19-23 (Order Denying Motion to Vacate, Set Aside, or Correct Sentence). According to Dr. Bahna, Judge Collins' finding that his argument was "wholly incredible" shows "deep seated favoritism," requiring her dismissal from the case. *Mot.* 5:13-17. In addition, Dr. Bahna insists that allowing one witness to testify to facts that contradicted the testimony of another witness was "substantial" and "prejudicial" error because one of the witnesses' testimony had to be false. *Id.* 4:13-20. All together, Dr. Bahna maintains that the record "demonstrates the exact manifestation of personal bias or prejudice concerning a party that is implicit in the wording" of 28 U.S.C. § 455. *Id.* 4:24-26.

To the contrary, Judge Collins demonstrated a lack of bias by admitting conflicting evidence to enable the adversarial system reach an informed conclusion. Moreover, by filing a motion to vacate judgment, Dr. Bahna requested that the Court take testimony and consider whether his plea was actually voluntary. Judge Collins did so, and as requested by Dr. Bahna, made a finding about the voluntariness of the plea. Dr. Bahna has presented no evidence establishing the bias or favoritism of Judge Collins.

IV.   Conclusion

Based on the foregoing, the Court DENIES Dr. Bahna's motion to disqualify Judge Collins.

**IT IS SO ORDERED.**