O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  CV 08-1249 ABC |
| Plaintiff, | CR 05-982 ABC |
| v. | **ORDER DENYING RULE 60(B) MOTION** |
| MAMDOUH S. BAHNA, | |
| Defendant. | |

Pending before the Court is Mamdouh Bahna's ("Defendant") Rule 60(b) Motion to Vacate Order Denying Section 2255 Motion ("Motion"), filed on August 30, 2010 (docket no. 41.)  The Government filed an Opposition on October 4, 2010 (docket no. 418, case no. 05-982), and Defendant filed a Reply on October 25, 2010 (docket no. 50).  The Court finds this Motion appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Having considered the materials submitted by the parties and the case file, the Court **DENIES** Defendant's Motion.

# I.  BACKGROUND

The background of this case is set out at length in the Government's Opposition. (See Opp'n pp. 1-11.)  In brief, Defendant was sentenced to 58 months imprisonment after pleading guilty to one count of health care fraud.  Thereafter, Defendant filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in which he argued that his former counsel Terry Bird and Jason Kogan provided ineffective assistance because they did not sufficiently inform him of the consequences of his plea.  Specifically, Defendant claimed that his former counsel did not inform him that he could be sentenced to prison for more than 18 months and that he was waiving his right to appeal any sentence of less than 87 months.

The Court conducted an evidentiary hearing on the § 2255 motion on November 12, 2008, in which Defendant, his wife Hanny, and his former counsel, among others, testified.  On February 11, 2009, the Court entered a 29-page Order denying Defendant's § 2255 motion. Therein, the Court found "wholly incredible" Defendant's testimony attributing various failures to his attorneys and claiming he did not know what he was getting into when he signed his plea agreement.  The Court also found Hanny Bahna's testimony not credible.  The Court did find the testimony of Mr. Bird and Mr. Kogan to be credible.  They testified to the effect that Defendant participated intelligently in the plea process.  The Court also summarized the facts showing the assistance Defendant received in connection with his decision to accept the plea.  Finally, the Court applied the two-part Strickland test and concluded that Defendant's ineffective assistance claim failed because he could not show that his counsel's performance fell below an objective standard of reasonableness.  The Court also found

that Defendant's decision to plead guilty was the result of a
voluntary and intelligent choice among available alternatives, and
rejected Defendant's assertion that his counsel's efforts to advise
him were futile because of his alleged impairments stemming from his
health problems.

Now before the Court is Defendant's Rule 60(b) Motion.  Therein,
Defendant argues that the Court's February 11, 2009 Order denying his
§ 2255 motion should be vacated on several grounds.  First, Defendant
asserts that the Order was the result of a fraud upon the Court.
Defendant contends that someone – whether the Court, the court
reporter, counsel, or all of them is not clear – redacted the
transcript, and as a result three portions of Defendant's testimony
are missing from the transcript.  Second, Defendant faults the Court's
determination that Mr. Bird and Mr. Kogan were credible, stating the
Court was biased in their favor and that the decision was erroneous.
Third, Defendant states that his post-assistance counsel, Victor
Sherman, provided ineffective assistance in connection with his § 2255
motion.


## II.  DISCUSSION

To prevail on a motion for relief from judgment brought under
Rule 60(b), the moving party must show (1) mistake, surprise, or
excusable neglect; (2) newly discovered evidence; (3) fraud or other
misconduct; (4) a void judgment; (5) a satisfied or discharged
judgment; or (6) any other reason justifying relief from operation of
the judgment.  See Fed. R. Civ. P. 60(b).

Defendant here appears to be moving on the basis of Rule
60(b)(3), or, alternatively, Rule 60(b)(6).  "To prevail [on a Rule

60(b)(3) motion], the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct[.]" Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir.), cert. denied, 543 U.S. 870, 125 S.Ct. 108 (2004).  Relief under Rule 60(b)(6) requires a finding of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 536, 125 S.Ct. 2641, 2650 (2005) (internal quotation marks omitted); Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009), cert. denied, 130 S.Ct. 1072 (2010).

**A.   Neither Defendant's Attack on the Court's Credibility Findings, Nor his Claim that Post-Conviction Counsel Was Ineffective, Are Cognizable Under Rule 60(b).**

Before addressing the merits of Defendant's Rule 60(b) Motion, the Court must determine whether his claims are cognizable.  Rule 60(b) applies in habeas proceedings only to the extent that it is not inconsistent with applicable federal habeas statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  Rule 60(b) is not an alternative to review by appeal; nor can it be used to circumvent the limitations on successive habeas petitions or the rules governing the appeal of § 2255 orders.  Id. at 531-532 (discussing Rule 60(b) to appeal § 2254 orders and holding that Rule 60(b) motions cannot circumvent the "second or successive" habeas petition requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)); see also Phelps v. Alameda, 569 F.3d 1120 (9th Cir. 2009) (discussing Gonzalez in reference to Rule 60(b) motions regarding habeas orders generally); United States v. Pedraza, 214 Fed.Appx. 853 (10th Cir. 2007) (motion for relief from judgment denying § 2255 motion construed as a successive § 2255 motion).

In Gonalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court

addressed how to distinguish between cognizable Rule 60(b) motions that the district court can adjudicate, and those that are in essence successive habeas petitions for which pre-filing authorization is required.  A Rule 60(b) motion that contains "claims" is similar enough to a "habeas corpus petition" to require it to be consistent with the AEDPA.  <u>Gonzalez</u>, 545 U.S. at 521.  The Court then explained how to make the "relatively simple" determination of whether a Rule 60(b) motion advances one or more "claims":

> A motion can also be said to bring a 'claim' if it attacks the
> federal court's previous resolution of a claim on the merits,
> since alleging that the court erred in denying habeas relief
> on the merits is effectively indistinguishable from alleging
> that the movant is, under the substantive provisions of the
> statutes, entitled to habeas relief.  That is not the case,
> however, when a Rule 60(b) motion attacks, not the substance
> of the federal court's resolution of a claim on the merits,
> but some defect in the integrity of the federal habeas
> proceedings . . . Fraud on the federal habeas court is one
> example of such a defect. [By contrast,] an attack based on
> the movant's own conduct, or his habeas counsel's omissions .
> . . ordinarily *does not* go to the integrity of the
> proceedings, but in effect asks for a second chance to have
> the merits determined favorably.

<u>Id.</u> at 532 and fn. 5 (citations omitted, emphasis added).

Here, Defendant's assertion that the transcript was tampered with

states a "fraud on the court" and goes to the integrity of the federal habeas proceeding.  As such, this assertion provides a cognizable basis for Defendant's Rule 60(b) Motion.  The Court will address the merits of this basis below.

Defendant's finding fault with the Court's credibility determinations, however, <u>does not</u> go to the integrity of the habeas proceeding.  Rather, it is an attack on the Court's previous resolution on the merits of his § 2255 motion.  As such, it is an attempt to re-litigate the merits of that motion.  Similarly, under <u>Gonzalez</u>, Defendant's assertion that his post-conviction counsel gave him ineffective assistance in connection with his § 2255 motion does not go to the integrity of the habeas proceedings but, in effect, asks for a second chance to have the merits determined favorably.[1]

Accordingly, under <u>Gonzales</u>, neither Defendant's attack on the Court's credibility findings nor his assertion that post-conviction counsel gave him ineffective assistance provides a cognizable basis for a Rule 60(b) motion.  Rather, these are in effect habeas "claims" to be litigated in accordance with the AEDPA.  As such, Defendant's request for relief on their basis is **DENIED**.

**B.  The Alleged Alterations to the Transcript of the November 12, 2008 Hearing**

**1.  Defendant's Motion Is Baseless Because There is No Evidence that the Transcript was Altered.**

Defendant contends that he is entitled to relief under Rule 60(b) because the transcript from the November 12, 2008 hearing on his §

---

[1]  This claim is not cognizable on the alternative ground that a defendant "cannot raise an ineffectiveness of counsel claim because he had no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition."  <u>U.S. v. Angelone</u>, 894 F.2d 1129, 1130 (9th Cir. 1990).

2255 motion was altered.  In his Declaration, Defendant identifies three of his responses that he says were so altered, see Bahna Decl. ¶ 14.  The Court has reviewed the transcript and there appear to be no omissions.  The Court also notes that had Defendant made the three statements as he alleges, the Court would have heard him do so and would have considered those statements in deciding the motion.  More importantly, the court reporter has reviewed her original stenographic notes and has testified that the transcript conforms to the content of her notes.  (See Stride Decl.)

As to one alleged instance of tampering, Defendant makes inconsistent assertions as to what his missing testimony was.  In his declaration, Defendant states that his missing testimony was about his email with another attorney for a second opinion about seeking an adjustment to the restitution amount.  Then, "later on after my sentence" Defendant states that he testified, "I learned of Rule 11(d)(2)(B).  I was not informed about the option of withdrawing my plea agreement, as I learned that it makes a big difference 'when' withdrawing the plea.  There are two standards that apply to pre-sentence versus post-sentence.  That is why we are here."  (Bahna Decl. 14(A).)  Thus, in his declaration, Defendant asserts that he testified in the § 2255 hearing that his former counsel never told him that he could withdraw his plea, and that he learned about this possibility only after he was sentenced.

In the body of his Motion, however, Defendant asserts that his missing testimony was that he had asked Terry Bird to withdraw his guilty plea before sentencing under Fed. R. Crim. Pro. 11(d)(2)(B), but that Mr. Bird did not do so.  (See Mot. 7:4-27.)  Defendant submitted declarations from his wife Hanny Bahna and his son Michael

Bahna stating that they heard him so testify.

These accounts are in irreconcilable conflict:  If Defendant did not know about the possibility of withdrawing his guilty plea until after he was sentenced (as Defendant's declaration claims he testified), then he could not have asked Mr. Bird to withdraw his guilty plea prior to sentencing (as Defendant's Motion and his witnesses claim he testified).  In short, Defendant's contradictory assertions as to the content of his "missing" testimony render his allegation of tampering incredible and his position untenable.

Defendant also submitted an email exchange between himself and Jeremy Boehmer, an investigator working for him on his case. Defendant contends that one of Boehmer's emails supports his position because Boehmer stated, "I honestly believe I heard you stay something about Rule 11(d)(2)(B) while you were testifying but I do not have specific recollection of what was said."  (Bahna Decl. Exh. 12.) However, when read in its totality, Boehmer's email shows that he was fraught with doubt about providing a declaration saying what Defendant wanted it to say.  Boehmer explained that he takes pride in his honesty and integrity, and that despite struggling, he could not remember or find where in the testimony any comment about Rule 11(d)(2)(B) would have been.  Thus, Boehmer's email does not lend credence to Defendant's position.

**B.   In the Alternative, Defendant's Allegedly-Missing Testimony Would Have Been Immaterial to the Court's Ruling on his Section 2255 Motion.**

Even had Defendant made the statements he contends were deleted, that testimony would not have effected the Court's ruling on the § 2255 motion.  First, that Defendant makes conflicting claims as to the content of his "missing" testimony concerning withdrawing his guilty

plea is enough to dispose of that portion of his Motion.  But, in any event, both versions of his alleged testimony are inconsistent with the purported basis of his § 2255 motion.  The premise of Defendant's § 2255 motion was that his attorneys gave him ineffective assistance by leading him to believe that he would receive no more than about a year of jail time; Defendant asserted that based on this belief, he decided to plead guilty.  If that is what happened, then Defendant would not have wanted to withdraw his guilty plea, even had he known he could do so, because his knowing choice to plead guilty was based on his belief about what his sentence would be.  As such, the allegedly-missing testimony about withdrawing his plea would have had no effect on the outcome of Defendant's § 2255 motion; it would only have served to further undermine his credibility.

Nor would the other two allegedly-missing portions of testimony have had any effect on the outcome of the § 2255 motion.  The statement "I was angry when I wrote that. God bless America" that Defendant claims he made after apologizing for calling the government evil (Bahna Decl. 14(B)), and his additional testimony detailing his travel from Terminal Island to the MDC (Bahna Decl. 14(C)), would have been completely irrelevant to whether he received ineffective assistance, the sole issue raised in Defendant's § 2255 motion.

Because there is no factual basis for Defendant's assertion that the transcript of the November 12, 2008 hearing was redacted, and because the allegedly-missing testimony was, in any event, either incredible or irrelevant, Defendant cannot show "that the [judgment] was obtained through fraud, misrepresentation, or other misconduct" or that "extraordinary circumstances" warrant relief from the Court's February 11, 2009, Order.  As such, Defendant has stated no basis for

1  relief under Fed. R. Civ. Pro. 60(b).  His Motion is therefore **DENIED.**

2

3                                      **III.   CONCLUSION**

4      For the foregoing reasons, Defendant's Rule 60(b) Motion is

5  **DENIED.**

6

7      SO ORDERED.

8  **DATED:    November 24, 2010**

9

10                                _____

11                                      **AUDREY B. COLLINS**
                                 **CHIEF UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28