MATTHEW C. MICKELSON (S.B.N. 203867)
LAW OFFICES OF MICKELSON & MICKELSON
16055 Ventura Boulevard, Ste. 1230
Encino, CA 91436
818-382-3360

Attorneys for Defendant MAMDOUH BAHNA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MAMDOUH BAHNA aka MAMDOUH SADEK BAHNA, M.D.,<br><br>Defendant | Case No. CR 05-982-ABC<br><br>**DEFENDANT MAMDOUH BAHNA'S NOTICE OF MOTION AND MOTION TO OFFSET BALANCE OF PENALTY AND TO RELEASE AND RETURN UNCLAIMED MONIES PAID FOR RESTITUTION; DECLARATION OF MAMDOUH BAHNA IN SUPPORT THEREOF**<br><br>Hon. Audrey B. Collins<br><br>**DATE**: September 17, 2012<br>**TIME**: 1:30 p.m.<br>**CTRM.**: 680 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on September 17, 2012 at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 680 of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, California 90012, Defendant Mamdouh Bahna will move the Court for an order releasing to Defendant unclaimed funds paid by him as part of a judgment for Restitution in the amount of $136,563.21.  This Motion is made on the ground that Defendant has paid a total of $990,518.54 to the Court in compliance with the judgment against him providing for restitution; that only $703,955.33 has been claimed by purported victims of Defendant, leaving a balance in the Court's possession of $286,563.21; that claims for the other monies have not been made for more than four years; and that after subtracting the outstanding balance and fine of $146,916 due and payable to the United States, $139,647.21 should be released and returned to Defendant.

    This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Mamdouh Bahna, the Request for Judicial Notice, on the papers and records on file herein, and on such oral

//

//

//

//

and documentary evidence as may be presented at the time of the hearing.

DATED:  August 17, 2012          LAW OFFICES OF
                                 MATTHEW C. MICKELSON


                                 By: /s/ Matthew C. Mickelson
                                    MATTHEW C. MICKELSON
                                    Attorney for Defendant

# I.

# STATEMENT OF FACTS

A judgment against Defendant Mamdouh Bahna was entered and filed on December 12, 2007. (Declaration of Mamdouh Bahna Exh. "1.") The Judgment provided that Defendant was required to pay $990,518.54 in restitution to victims and a fine of $150,000 to the United States. (*Id.*) Defendant paid $990,518.54 to the Court on December 5, 2007. (*Id.* at ¶ 3, Exh. "2.") All victims were properly notified of this payment and the fact that monies were available for restitution. However, since that date, only a total of $703,955.33 has been paid to victims; no other claims for the monies or payments have been made in more than four years. (*Id.* at Exh. "3.") According to the records of the United States Probation Office, Defendant's current fine due and payable is $146,916. (*Id.*)

# II.

# ARGUMENT

In the Ninth Circuit, Restitution judgments exist to provide full compensation to victims, as well as to serve penal goals; which aspect of these dual natures is most important depends on the situation. (*See U.S. v. Cloud* (9th Cir. 1990) 921 F.2d 225, 226 [finding that in the context of continuance of restitution judgment after death of defendant, compensation goals take precedence].) Other circuits believe that restitution judgments are primarily compensatory in nature (S*ee U.S. v. Speakman* (10th Cir. 2010) 594 F.3d 1165, 1177 ["the purpose of restitution is not to punish

defendants or to provide a windfall to crime victims but rather to insure that victims, to the greatest extent possible, are made whole for their losses"].)

A review of the case law has not found a Ninth Circuit case which determines what to do where funds paid in obedience of a restitution order have not been claimed. However, the Seventh Circuit in *U.S. v. Pawlinsky* (7th Cir. 2004) 374 F.3d 536 did encounter such a situation. There, restitution monies paid by a politician to the court for unlawfully spending campaign contributions on personal expenses went unclaimed by victims; the district court thereafter directed that the unclaimed funds be sent to the Crime Victims Fund of the U.S. Treasury. The court of appeal reversed this order on the ground that the Crime Victims Fund was not a victim of the defendant's conduct and could not claim restitution monies. At that point the only option was to return the funds to the defendant's campaign organization, even though such a return would bring legal benefits to the convicted defendant in that it would possibly let him avoid state law penalties regarding the closing of his campaign fund. (*Id*. at 539.)

No victim is required to participate in any phase of a restitution order. (18 U.S.C. § 3664(g)(1).) Accordingly, if there is no victim to provide restitution, the Tenth Circuit has concluded that under the statute, restitution cannot be ordered. (*United States v. Speakman, supra*, 594 F.3d at 1174-1179, *disagreed with by United States v. Johnson* (2d Cir. 2004) 378 F.3d 230.)

Accordingly, the better rule (under *Speakman*) is that where victims have

---

2

MOTION TO RELEASE UNCLAIMED MONIES PAID FOR RESTITUTION

decided not to participate in a restitution order, and therefore leave money in the court's possession, those funds should be released to the original payer, since there is no statutory authorization for them to go anywhere else or to remain in the court's bank account.

Here, various victims have refused to accept restitution funds, despite undoubtedly being notified of the existence of the funds.  (*See* 18 U.S.C. § 3664(d)(2)(A) [probation officer shall notify victims of right to indicate amount they have been harmed for purposes of allowing them to recover amounts from convicted defendant].)  There is no statutory basis for the Court to hold on to those funds or to transfer them to any other person or entity.  Therefore, after deducting the amounts necessary to pay Defendant's remaining fine obligation of $146,916, the Court should order the remaining funds of $136,563.21 be returned to Defendant.

## III.
## CONCLUSION

For the reasons given above, Defendant respectfully requests the Court to issue an order requiring the administrative office of the court to release to Defendant the $136,563.21 currently in the Court's possession.

DATED:  August 17, 2012            LAW OFFICES OF
                                   MATTHEW C. MICKELSON


                                   By: /s/ Matthew C. Mickelson
                                       MATTHEW C. MICKELSON
                                       Attorney for Defendant